UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-                      **MEMORANDUM OF
                                                                                            DECISION AND ORDER**
                                                                                            Cr No. 04-455 (ADS) (ARL)

STEVEN INGRASSIA, SLAVA VOLMAN,
NICHOLAS ANTONELLI,
JEFFREY BASSIN, CARL CUNZIO,
JOHN FLANAGAN, OTTO KOZAK,
ROBERT KOZAK, and
PATRICK MCFADDEN,

                                Defendants.
-------------------------------------------------------X

**APPEARANCES:**

**ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK**
One Pierrepont Plaza
Brooklyn, New York 11201
      By:    Barbara D. Underwood, and
                Thomas Richard Fallati, Assistant U.S. Attorneys

**JAMES J. DIPIETRO, ESQ.**
Co-counsel for defendant Jeffrey Bassin
186 Joralemon Street
Brooklyn, New York 11201

**STEVEN ROSS, ESQ.**
Co-counsel for defendant Jeffrey Bassin
270 Madison Avenue
Suite 1203
New York, New York 10016

**MELVYN K. ROTH, ESQ.**
Attorney for defendant Carl Cunzio
666 Old Country Road
Suite 501
Garden City, NY 11530

**CHARLES S. HOCHBAUM, P.C.**
Attorneys for defendant John Flanagan
44 Court Street, Suite 307
Brooklyn, NY 11201
    By:    Charles Samuel Hochbaum, Esq.

**GROSSMAN & RINALDO**
Attorney for Otto Kozak
108-18 Queens Boulevard
Forest Hills, NY 11375
    By:    Stuart J. Grossman, Esq.

**JOHN S. WALLENSTEIN, ESQ.**
Attorney for Robert Kozak
215 Hilton Avenue
PO Box 1200
Hempstead, NY 11551

**TIMOTHY J. McINNIS, ESQ.**
Attorney for Patrick McFadden
521 Fifth Avenue, Suite 1700
New York, New York 10175

**SPATT, District J.**

This case involves allegations of a "boiler room" securities fraud scheme involving principals and representatives of Donald & Co., a brokerage firm that was located in Garden City, New York. Currently pending before the Court are objections by the government to the Report and Recommendations filed on September 7, 2005 (the "Report") by United States Magistrate Judge James Orenstein relating to plea proceedings for the six remaining defendants in this securities fraud case. The Report found that the pleas satisfied the relevant requirements of Rule 11 of the Federal Rules

of Criminal Procedure, but that the notification of victims did not fully satisfy the requirements of the Crime Victims Rights Act, 18 U.S.C. § 3771 ("CVRA").

Specifically, the Report recommended that this Court accept each guilty plea only after the government has provided notice by first-class mail or other reasonably equivalent method to all identified victims of the following: each defendant's plea, release status, sentencing date, and notice of the victims' right to be heard with regard to the plea and sentence. The Report further recommended that if the Court were to reject any proffered plea, the Court should require notice to victims with respect to any further applications to exclude time under the Speedy Trial Act or to set or adjourn a trial date. The Magistrate Judge also directed that any objections to the Report be served on the identified victims of the crime by first-class mail or other reasonably equivalent method within ten days.

The government does not object to the finding that Rule 11 has been satisfied or to the specific remedy recommended to address the failure in this case to timely and accurately notify the victims. However, the government objected to several findings of fact and conclusions of law contained in the Report that pertain to the government's use and operation of the Victim Notification System ("VNS") in this case and in general. The government's primary objection is that this part of the Report was unnecessary to the disposition of the case, and, as such, should be rejected as advisory in nature. The government also seeks relief from the portion of the Report that

ordered objections to be served on all of the identified crime victims by first class mail.

I. **BACKGROUND**

The Indictment in this case charged eight defendants with thirteen various counts of Conspiracy to Commit Securities Fraud, Securities Fraud, Conspiracy to Commit Money Laundering, and Money Laundering. The indictment alleges that from May 1999 through July 2002, the Defendants devised and carried out a "boiler room" or "pump and dump" scheme, which involved acquiring and controlling large blocks of certain stocks. In such a scheme, large quantities of certain stocks were purchased by the securities firm Donald & Co. They were then manipulated to inflate the prices and then sold to unwitting customers. Two stocks that the indictment alleges the Defendants used in this scheme were Elec Communications and the Classica Group, Inc.

In securities fraud cases such as the one alleged in the indictment, there is the real potential that hundreds or even thousands of unsuspecting shareholders have been victimized by the fraudulent scheme. In this case, the government was able to identify more than two hundred crime victims. In order to comply with the notification rights of the CVRA, the government applied for permission under the statute to provide notification to the crime victims by means of publication. On April 29, 2005, the Court rejected the government's initial application to rely on publication alone.

Instead, the Court required the government to submit a proposed notice for review, and to provide the approved notice individually to each identified victim by mail by return receipt requested, and to notify the Court as to the number of returned acknowledgments of receipt. On August 1, 2005, the Court approved the government's proposed notice and request to be relieved from the return receipt portion of the Court's early order. In addition, the Court approved the government's request to, "if appropriate, . . . supplement the mailing by including notice of this case in an upcoming advertisement in national publication."

On August 12, 2005, the government mailed to the victims a notice informing them of the case and advising the victims of their statutory rights. The notice informed the victims of the then pending September 7, 2005 trial date and that they could obtain current information about the case from VNS. The notice also gave each victim an identification number and a number to gain access to the system. In addition, the notice stated that due to the large number of victims in this matter, current information about the case would only be provided through the internet or from the VNS call center, and that it was not likely that additional letter notifications would be sent to them.

On August 18, 2005, the government sent a second updated notification by mail. This mailing notified the victims that it was anticipated that three of the defendants in the case were going to take a guilty plea to the charges and set forth the

dates and times for which those pleas were scheduled. However, the government admits that this update was not retained on the computer system's website.

Also on August 18, 2005, the government published an advertisement in the USA Today notifying potential victims of the case. The advertisement directed victims to the website of the United States Attorney's Office for the Eastern District of New York. The website contains information concerning victims' rights and instructions on how to register as victims and obtain access to VNS. The website also provides a link for this case where the viewer can find the indictment and what the government claims to be updated information about the case. However, the Court has recently accessed the website and notes that the information is outdated. The notice currently states that a trial is scheduled to start on September 7, 2005 for three of the defendants.

In reaching the recommendations in the Report, the Magistrate Judge thoroughly analyzed the government's compliance with the CVRA in this case, the government's use of the VNS, and the curative measures that may be taken to remedy any shortcomings under the CVRA. In addition, the Magistrate Judge addressed two issues that may develop if a victim asserts his or her rights under the CVRA: (1) whether the defendants have pleaded guilty to the "highest offense charged;" and (2) whether there was a violation of the Speedy Trial Act. The government agrees that there were flaws in the notification of victims in this case and has agreed to take all of

the curative measures recommended by the Magistrate Judge. However, the government objects to the factual and legal conclusions that the Magistrate made in reaching the ultimate recommendation. The government argues that this Court should reject these legal conclusions as "advisory" without making a point-by-point analysis of the VNS used by the government.

## II. DISCUSSION

### A. THE STANDARD OF REVIEW

The Federal Magistrates Act permits district judges to assign to magistrate judges "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). The Second Circuit has held that this provision authorizes a district judge to assign a felony guilty plea allocution to a magistrate judge with the consent of the defendant. United States v. Williams, 23 F.3d 629, 632–34 (2d Cir. 1994). After the referral of the plea allocution, the magistrate judge reports to the district court and recommends whether to accept the guilty plea. Id. at 634. As such, the recommendation on whether to accept the plea is a dispositive issue, and any objections to the recommendation are subject to de novo review by the district court. See 28 U.S.C. § 636(b)(1). However, the Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Therefore, the Court

will confine its review of the Report in this case to those portions that are subject to the government's objections.

**B.     THE GOVERNMENT'S OBJECTIONS TO THE REPORT**

The government first objects to the Report's finding that notification through the VNS, rather than by mail or e-mail, does not satisfy the requirements of the CVRA. The government argues that because it has agreed to the recommendation—to send future notification in this case of the upcoming events by mail—that there is no issue properly before the Court as to whether the VNS satisfies the CVRA. In addition, the government states that as an additional curative measure it has agreed not to object on the ground of timeliness to a victim's assertion of any rights the victim could have asserted under the CVRA at the plea proceeding.

By objecting to the Report as "advisory," while at the same time accepting all of the recommendations in the Report, the government is essentially asking this Court to issue an advisory opinion of its own. In effect, the government requests an opinion on the merits of the Report after the controversy has been resolved. Federal courts "are empowered by Article III [of the Constitution] to render opinions only with respect to live cases and controversies, meaning, among other things, that if an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case, rather

than issue an advisory opinion." Independence Party of Richmond County v. Graham, 413 F.3d 252, 255–56 (2d Cir. 2005) (quotations omitted).

In contrast, a report and recommendation of a magistrate judge is suppose to be advisory, so that it may advise the district court as to how it should proceed on a particular issue or case. "The magistrate judge's report is nothing like a jury verdict or the oral disposition of a district judge, for the magistrate's role under § 636(b) is advisory, not adjudicatory." United States v. Cooper, 135 F.3d 960, 963 (5th Cir. 1998). Title 28 U.S.C. § 636 directs that a magistrate judge "submit to a [district] judge of the court proposed findings of fact and recommendations for the disposition . . . ." Id. Thus, a magistrate judge's report and recommendation is intrinsically advisory, and a district judge may "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Here, the well-reasoned and thorough Report properly advises the Court as to how it should proceed in this criminal case. It recommends that the Court: (1) accept the guilty pleas; (2) order the government to provide notice to the victims by mail; and (3) recommends that if the Court rejects the proffered pleas that the Court require that the victims be notified of any applications to adjourn the trial or exclude time under the Speedy Trial Act. The government contends that this Court should reject the legal reasoning and factual findings behind the recommendations in the Report because they are "advisory" and unnecessary to the disposition of this matter, despite the fact that

the government has agreed to all of the recommendations and has also taken additional curative measures as a consequence of the Report. The Court declines to do so.

The Magistrate Judge was clearly within his authority to issue such a Report. The CVRA explicitly requires that "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a) [of the CVRA]." 18 U.S.C. § 3771. In issuing the Report, the Magistrate Judge was properly recommending whether to accept the defendants' pleas and advising the Court on whether the crime victims have been afforded the rights they are entitled to under the CVRA. The Court finds this to be permissible under the CVRA and the Federal Magistrates Act. Accordingly, the government's objection to the Report as "advisory" is denied, and its request that the Report's finding and legal conclusions be rejected is denied.

The government also requests that the Report be rejected because it has agreed to take on the curative measures outlined in the Report. However, compliance with the Report's recommendation cannot be the basis for rejecting the grounds upon which such recommendations were based. The Court finds that the recommendations in the Report are limited in applicability to the instant dispositive issues, which are, whether this Court should accept each guilty plea and whether the crime victims have been afforded their rights under the CVRA. In light of the fact that the government has accepted all of the recommendations in the Report, a decision by this Court

accepting or rejecting the reasoning behind such recommendations would not have any effect on the rights or obligations of the parties.  See Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998).  In short, a ruling by this Court on these objections would not "grant any effectual relief whatever to a prevailing party."  In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999) (quotations omitted and emphasis in original).  Accordingly, the Court finds that all of the remaining objections by the government to the Report are moot and are denied.

As to the Report's additional recommendation with regard to the procedure to follow if the Court were to reject any of the proffered pleas, the Court finds that any objection to these recommendations are not ripe for review at this time.  If the Court rejects any of the proffered pleas, the government may refile its objections to that portion of the Report within ten days of the rejection of the proffered plea.

**C.  THE GOVERNMENT'S OBJECTION TO THE ORDER DIRECTING SERVICE**

In issuing the Report, the Magistrate Judge ordered, pursuant to the All Writs Act, 28 U.S.C. § 1651, that the government file any objections with the Clerk of the Court and provide a copy of the objections to each identified victim by first-class mail or other reasonably equivalent method within ten days.  Having reviewed the objections to the Report, the Court finds that service of the objections on the identified victims of the crime by first class mail is unnecessary and not required under the CVRA or the Federal Magistrates Act.  The Report, the government's objections, and

this Memorandum of Decision and Order are all available to the public on the Public Access to Court Electronic Records (PACER) service. Therefore, the government's request to be relieved from this order is granted.

### III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the government's objections to the Report of United States Magistrate Judge James Orenstein are **DENIED**; and it is further

**ORDERED**, that the government's request to be relieved from the order directing it to serve its objections on the identified victims of the crime by first-class mail is **GRANTED**; and it is further

**ORDERED**, that no later than November 2, 2005, the government provide affirmative notice by first-class mail or other reasonably equivalent method to all identified victims in this case of: (a) the defendants' respective pleas; (b) the release status of each defendant; (c) the sentencing date set for each defendant; and (d) the victims' right to be heard with respect to this Court's acceptance of the pleas and approval of the underlying plea agreements, the defendants' release on conditions, and sentencing.

**SO ORDERED**
Dated: Central Islip, New York
October 15, 2005

                                                                   */s/ Arthur D. Spatt*
                                                                   ARTHUR D. SPATT
                                                              United States District Judge